IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| BICH NGOC TRAN, #10394-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv146 |
| | § | CRIMINAL NO. 4:03CR00053-003 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Bich Ngoc Tran, a prisoner confined at F.C.I. Ft. Worth, brings this motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

Tran is challenging his sentence. He is in custody pursuant to a conviction for the offense of conspiracy to manufacture, distribute or possess with intent to manufacture, distribute or dispense 3,4-methylenedioxy-methamphetamine ("Ectasy"), methamphetamine, cocaine, cocaine base (crack), and marijuana, in violation of 21 U.S.C. § 846. He was found guilty by a jury on October 2, 2003.

In the Presentence Investigation Report (Dkt. #467), the probation officer found that Tran's base offense level was 36 under the United States Sentencing Guideline Manual § 2D1.1(c)(2). PSR ¶ 52. Because Tran had been convicted once for the offense of delivery of a controlled substance: amphetamine and twice for the offense of burglary of a habitation, the Presentence Investigation Report applied the career offender guideline, U.S.S.G. § 4B1.1. PSR ¶ 60. This yielded a total offense level of 37. PSR ¶ 62.

Tran's extensive criminal history gave him a criminal history category of VI. PSR ¶ 71. Also, his career offender designation gave him a criminal history category of VI. PSR ¶ 71. With an offense

level of 37 and a criminal history category of VI, the guideline range was 360 months of imprisonment to life. PSR ¶ 97. On May 25, 2004, Tran was sentenced to 360 months of imprisonment. The sentence was entered on May 27, 2004. Tran did not file a notice of appeal.

The present § 2255 motion was filed on February 21, 2017. The Government filed a response (Dkt. #5) on October 13, 2017. Tran filed a reply (Dkt. #6) on October 27, 2017. He filed a document citing supplemental authority (Dkt. #7) on December 20, 2017.

## Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). The movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of § 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.*

Tran argues that he was improperly sentenced as a career offender under the sentencing guidelines. In particular, he challenges the use of his delivery of a controlled substance and burglary convictions to classify him as a career offender.

The analysis of Tran's claim begins with *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). The decision in *Johnson* was based on an analysis of the Armed Career Criminal Act ("ACCA"). The Supreme Court discussed the operation of the ACCA as follows:

> Federal law forbids certain people - such as convicted felons, persons committed to mental institutions, and drug users - to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' of imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

*Johnson*, 135 S.Ct. at 2555. The Court held that the "residual clause" of § 924(e)(2)(B)(ii) was unconstitutionally vague. *Id.* at 2563. The Court noted, however, that its decision did not "call into question application of the Act to four enumerated offenses" - burglary, arson, extortion, or crimes involving the use of explosives- "or the remainder of the Act's definition of a violent felony." *Id.* The Supreme Court subsequently held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1260-68 (2016).

In the present case, Tran was not convicted of the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was not convicted as an armed career criminal under the ACCA. The Government correctly argues that *Johnson* could not possibly affect his sentence. Tran is not entitled to relief based on *Johnson*.

Tran argues that he is entitled to relief based on an extension of *Johnson* in *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). In *Mathis*, the Supreme Court issued a decision extending the reasoning in *Johnson* to Iowa's burglary law. The Court found that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, [his] convictions under

that law cannot give rise to an ACCA sentence." *Mathis*, 136 S. Ct. at 2257. Then, on August 11, 2016, the Fifth Circuit applied *Mathis* to a Texas statute prohibiting delivery of a controlled substance and determined that the crime was not a "controlled substance offense" as defined in the career offender guidelines, U.S.S.G. § 4B1.2. *Hinkle*, 832 F.3d at 572-77. The Fifth Circuit next applied *Mathis* to the Texas crime of possession with intent to deliver a controlled substance. *Tanksley*, 848 F.3d at 349-52.

It should be noted, however, that the Fifth Circuit has distinguished direct appeals from § 2255 motions. The Fifth Circuit has held that the technical application of the sentencing guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). The Fifth Circuit has specifically found that *Mathis* did not set forth a new rule of constitutional law that was made retroactive to cases on collateral review. *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). *See also United States v. Ramirez*, 740 F. App'x 68 (5th Cir. 2018) (same); *United States v. Samarripa*, 697 F. App'x 374, 375 (5th Cir. 2017) (same). This Court, in turn, has denied collateral relief based on *Mathis* and *Hinkle*. *Rosales v. Warden, USP Beaumont*, No. 1:18-CV-81, 2019 WL 77350 (E.D. Tex. Jan. 2, 2019); *Porch v. Warden, USP Beaumont*, No. 1:18-CV-122, 2018 WL 5304728 (E.D. Tex. Oct. 24, 2018); *Helm v. Warden, FCI Beaumont Low*, No 1:17-cv-143, 2018 WL 2986705 (E.D. Tex. June 14, 2018). As such, relief is unavailable under § 2255 based on *Mathis, Hinkle,* and *Tanksley*. Tran's motion based on these cases lacks merit.

The Court would add that the Supreme Court specifically rejected the argument that *Johnson* should be extended to the sentencing guidelines as follows:

> At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that

> presents a serious potential risk of physical injury to another." United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov. 2006) (U.S.S.G.). This Court held in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886, 890 (2017). The Fifth Circuit has thus routinely cited *Beckles* in rejecting constitutional vagueness challenges to the sentencing guidelines. *United States v. Osorio*, 734 F. App'x 922, 924 (5th Cir. 2018); *United States v. Gonzales*, 714 F. App'x 367, 370 (5th Cir. 2017); *United States v. Rodriguez-Lopez*, 697 F. App'x 304, 305 (5th Cir. 2017). In light of the Supreme Court's decision in *Beckles* declining to extend *Johnson* to the sentencing guidelines, Tran's claim concerning his designation as a career offender under the sentencing guidelines lacks merit.

Overall, Tran is challenging his designation as a career offender under the sentencing guidelines. His claim is not, however, cognizable under § 2255. The present motion lacks merit and should be denied.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Tran has not yet filed a notice of appeal, the court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial

showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the movant's underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Tran's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be denied.

Recommendation

It is recommended that the motion to vacate, set aside or correct a sentence be denied and the case be dismissed with prejudice. A certificate of appealability should be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of February, 2019.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE