IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| BICH NGOC TRAN, #10394-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv146 |
| | | CRIMINAL NO. 4:03CR00053-003 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

Petitioner Bich Ngoc Tran, a prisoner confined at F.C.I. Ft. Worth, brings this motion to vacate, set aide or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt #10) concluding that the motion should be denied. Tran has filed objections (Dkt #13).

Tran is challenging his classification as a career offender under the United States Sentencing Guidelines. In support of his motion, he cites *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), and its progeny. *See Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243 (2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). *Johnson* concerns sentences under the Armed Career Criminal Act. Tran was not convicted under the Armed Career Criminal Act. *Johnson* is inapplicable.

Tran seeks to extend the reasoning in *Johnson* to the sentencing guidelines, but the United States Supreme Court rejected the argument as follows:

> At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov. 2006) (U.S.S.G.). This Court held in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for

1

vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886, 890 (2017). The Fifth Circuit has thus routinely cited *Beckles* in rejecting constitutional vagueness challenges to the sentencing guidelines. *United States v. Osorio*, 734 F. App'x 922, 924 (5th Cir. 2018); *United States v. Gonzales*, 714 F. App'x 367, 370 (5th Cir. 2017); *United States v. Rodriguez-Lopez*, 697 F. App'x 304, 305 (5th Cir. 2017). In light of the Supreme Court's decision in *Beckles* declining to extend *Johnson* to the sentencing guidelines, Tran's claim concerning his designation as a career offender under the sentencing guidelines lacks merit.

Tran also argues that his attorney was ineffective for failing to raise a *Johnson* type argument. Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). To prove that his attorney was ineffective, Tran must show (1) that his attorney's performance was deficient, and (2) that deficient performance prejudiced the defense. *Id.* at 687.

Tran was sentenced in 2004. *Johnson* was not decided until June 26, 2015. The Fifth Circuit has "repeatedly held that 'there is no general duty on the part of defense counsel to anticipate changes in the law.'" *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (internal citations omitted). The Court further found that attorneys are not required to be clairvoyant:

> In the specific context of sentencing, we have explained that, "'[o]f course, counsel's inability to foresee future pronouncements which will dispossess the Court of power to impose a particular sentence which is presently thought viable does not render counsel's representation ineffective. . . . Clairvoyance is not a required attribute of effective representation.'"

*Id.* at 294-95 (citations omitted). Counsel was not expected to present arguments in anticipation of *Johnson* and its progeny. Tran has not established that his attorney was ineffective.

2

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Tran to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Tran's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Tran's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED** this 24th day of February, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE